
Kenney Shelton Liptak Nowak LLP
Attorneys

SYRACUSE
4615 North Street
Jamesville, NY 13078
p 315.492.3000
f 716.853.0265

kslnlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2025

MEMO ENDORSED

November 7, 2024

**Via ECF**

Hon. Nelson S. Román, U.S.D.J.
Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
              Civil Case No.: 7:23-cv-04215
              KSLN File Nos.: TRI 45359, COO 45022

Your Honor:

On behalf of all defendants in this action, please accept this letter as a response to plaintiffs' counsel's letter, dated November 5, 2024, which included a request for a "Rule 26(f) discovery conference so that the parties can confer on the subjects required by Rule 26, propose a discovery plan, facilitate a scheduling order, and commence discovery."[1]

The defendants respectfully submit that discovery is premature and inappropriate until the pending motions are decided. Specifically, the pending motions involve subject matter jurisdiction (under FRCP Rule 12(b)(1)), failure to state a claim (under FRCP Rule 12(b)(6)), whether there should be a preliminary injunction (under FRCP Rule 65), and whether claims against municipalities (and their officers) located outside the Southern District of New York's geographical territory should be severed and transferred to the appropriate venue (under FRCP Rules 20 and 21). Given that these pending motions challenge whether this Court can (or even should) exercise jurisdiction over the case, and further, given the sheer breadth of discovery and number of municipal defendants, we request Your Honor exercise the considerable discretion afforded under the law - as has been done in other cases - in formally staying discovery until the motions are decided.[2]

Furthermore, the defendants question the timing of plaintiffs' request. Specifically, plaintiffs' request comes over eighteen (18) months since they commenced the action, and over eleven (11) months since the parties' respective motions were fully briefed. Plaintiffs' delay in making this request controverts any claims of prejudice based on passage of time.

Your Honor should also be aware that plaintiffs' motion for a preliminary injunction is likely to be mooted by the City of New York's termination of its program of sheltering asylum seekers at upstate hotels. On October 3, 2024, the City filed a brief in the Appellate Division, Second Department, advising the court that "asylum seekers staying in hotels in Upstate New York will be resettled to other locations by the end of the year." *County of Dutchess v. City of New York*, Docket No. 2024-00041 (NYSCEF Doc. No. 21, p. 27). In that case, the City is appealing a judgment entered in the Dutchess County Supreme Court that, *inter alia*, permanently enjoined the City from transporting additional asylees to any hotel within Dutchess County. At the outset of its brief, the City acknowledged that the

---

[1] *See* ECF Dkt. No. 406.
[2] *See e.g., Spira v. TransUnion, LLC*, No. 7:23-CV-04319-NSR, 2023 WL 5664215, at *1 (S.D.N.Y. Sept. 1, 2023) (staying discovery where there was a pending motion for judgment on the pleadings given the breadth of discovery, lack of prejudice to plaintiff, and defendant's strong showing on the merits).

Re: Palisades Estates EOM, LLC, et al. v. County of Rockland, et al.
Civil Case No.: 7:23-cv-04215
KSLN File Nos. COO 45022; TRI 45359
Letter Date: November 7, 2024
Page 2

case would "likely become academic" before its appeal was decided. (*Id*.). Here, the City's wind-down of its program at upstate hotels will likewise moot Palisades' motion for a preliminary injunction (if it is not already moot) and undercuts the notion that the parties should forge ahead with discovery before the pending motions are decided.

In sum, Your Honor should find that discovery is best left until after the pending motions have been decided as their rulings will necessarily have a significant impact on the course of discovery (or if it is necessary at all).

Should Your Honor have any questions or require anything further, please do not hesitate to contact us.

Respectfully,

KENNEY SHELTON LIPTAK NOWAK LLP

*[signature]*

Daniel K. Cartwright, Esq.
dkcartwright@kslnlaw.com

DKC/

cc (via ECF): all parties

The motion is denied without prejudice subject to renewal. The Clerk of Court is kindly requested to terminate the motion at ECF No. 407.
Dated: May 4, 2025
   White Plains, NY

SO ORDERED:

*[signature]*

NELSON S. ROMÁN
United States District Judge